**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JOHANNES BAUMGARTNER
WIRTSCHAFTS-UND
VERMÖGENSBERATUNG GMBH, and
HOLGER KNUT THEILER,

                         Plaintiffs,

               - against -

STANLEY P. SALZMAN, ESQ., STANLEY
P. SALZMAN, P.C., POSTBANK
FINANZBERATUNG AG, BHW
BAUSPARKASSE AG, PETER SCHMIDT,
AMBIENTE GMBH, BLACKSTONE
CAPITAL TRADE AG, CARTER, BAILEY,
OPPENHEIM & DRYFUS, INC., J.
GREENBAUM, JOHN RALSTON, FERNANDO
FARIA SAMPAIO, SINO-IBERIAN HOLDINGS
LIMITED, IT'S INVESTMENT TREUHAND &
SERVICE GMBH, NORBERT SCHRAMM, ALI
KARLI, LIDER INTERNATIONAL IMPORT &
EXPORT GMBH, MESUT CETIN, HUSEYIN
COBAN, and DEFENDANT DOES 1-50,

                         Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 08-2582 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiffs Johannes Baumgartner Wirtschafts-und Vermögensberatung GmbH ("JBWV") and Holger knut Theiler ("Theiler") (collectively "Plaintiffs") commenced this action against multiple Defendants, including Carter Bailey Oppenheim & Dryfus, Inc. ("CBOD"), J. Greenbaum, and John Ralston, alleging, *inter alia*, RICO violations, violations of federal securities laws, breach of fiduciary duty, and unjust enrichment.

Defendants Stanley P. Salzman, Esq. ("Defendant Salzman") and Salzman P.C. ("Defendant Salzman P.C.") (collectively, the "Salzman Defendants") answered the Complaint and specifically denied the bulk of the allegations contained in it. The Salzman Defendants further asserted a counterclaim against Plaintiffs alleging that the commencement of this action constituted an express breach of Plaintiffs' contractual obligations to the Salzman Defendants. The counterclaim seeks indemnification for any damages awarded [DE 7].

Defendants CBOD, Greenbaum, and Ralston never responded to the Complaint nor did they seek additional time to respond to the Complaint and Plaintiff accordingly sought the Clerk's entry of default as against these Defendants pursuant to Rule 55(a) [DE 9]. After the Clerk of the Court noted the default of Defendants CBOD, Greenbaum, and Ralston [DE 11, 12, 13], Plaintiffs filed a motion under Rule 55(b) seeking entry of default judgment against them. District Judge Seybert referred the matter to me for a Report and Recommendation as to whether a default judgment should enter and for a determination of the appropriate damages, if any [DE 26].

## II. ENTRY OF DEFAULT

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales*, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d

849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiffs have provided adequate support for the relief they seek. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

For a movant to obtain a default judgment, it must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R.. Civ. P. 55(a); *see FashionTV.com GMBH v. Hew*, 2007 WL 2363694, at *2 (S.D.N.Y. Aug. 17, 2007). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b), as Plaintiffs have done here. *See Kieit Constructors, Inc. v. Franbuilt, Inc.,* 2007 WL 4405029 at *2 (W.D.N.Y. Dec. 14, 2007); *FashionTV.com*, 2007 WL 2363694, at *2. The Clerk of the Court noted the default of Defendants CBOD, Greenbaum, and Ralston but judgment has not been entered for Plaintiffs. *See* DE 11, 12, 13.

Rule 55(b)(2) provides that, except in cases in which "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" (*see* Rule 55(b)(1)), "the party must apply to the court for a default judgment." The determination of a motion for default judgment is left to the sound discretion of the district court. *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 160, 610, 615 (2d Cir. 1999).

In determining whether to grant a default judgment, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved [ ] amd whether the grounds for default are clearly established or in doubt.'" *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685 (3d ed.1998)). As the Second Circuit has

3

observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default.  *See Enron Oil Corp. v. Diakuhara*, 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-171 (2d Cir. 2001).   These factors are  (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."  *Mason Tenders Dist. Council v. Duce Constr. Corp.,* 2003 WL 1960584, at *2 (S.D.N.Y.  Apr. 25, 2003) (citation omitted); *see also Basile v. Wiggs*, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect") (second alteration in the original) (quoting *Feely v. Whitman Corp.*, 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999)).

As to the first factor, the failure of Defendants CBOD, Greenbaum, and Ralston to respond to the Complaint sufficiently demonstrates wilfulness.  *See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc.*, 2007 WL 4468652 (S.D.N.Y.  Dec. 20, 2007).  Plaintiffs have submitted affidavits of service demonstrating that Defendants CBOD, Greenbaum, and Ralston "were properly served on July 23, 2008 with a Summons and a copy of the verified Complaint."  Aff. of Ivo George Caytas ("Caytas Aff.") ¶ 5; *see also* DE 4-6.  As noted above, Defendants CBOD, Greenbaum, and Ralston never answered or responded in any way to the Complaint, nor did they request an extension of time to respond to the Complaint.  Moreover, Plaintiffs have submitted another affidavit of service demonstrating that Defendants CBOD, Greenbaum, and Ralston were served with Plaintiffs' motion for default judgment as well as with copies of the Clerk's

Certificates noting the defaults of each of these three Defendants [DE 18]. The affidavit included return receipts demonstrating that the mailing had been received on behalf of each of Defendants CBOD, Greenbaum, and Ralston.[1] *Id.* Therefore, the court file removes any doubt and clearly establishes that Defendants CBOD, Greenbaum, and Ralston have failed to respond to the Complaint.

Next, the Court must consider whether Defendants CBOD, Greenbaum, and Ralston have a meritorious defense. The Court is unable to make a determination whether these Defendants have a meritorious defense to Plaintiffs' allegations because they have presented no such defense to the Court. Hence, where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Chen v. Jenna Lane, Inc.,* 30 F.Supp.2d 622, 623 (S.D.N.Y.1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 58-59 (3d ed.1998)). The Complaint, the allegations of which are deemed admitted by Defendants CBOD, Greenbaum, and Ralston in light of their default, describes in detail the factual allegations that underlie Plaintiffs' claims for, *inter alia*, RICO violations, violations of federal securities laws, breach of fiduciary duty, fraud, conversion, conspiracy, gross negligence, and unjust enrichment. *See Indymac Bank*, 2007 WL 4468652, at *1.

The final factor the Court must consider is whether the non-defaulting parties would be

---

[1] Therefore, despite the indications on the docket that the Clerk of Court was not able to serve copies of the Clerk's Certificate noting default on Defendants CBOD, Greenbaum, and Ralston, the Court is satisfied that each of these Defendants did, in fact, receive copies of such documents.

5

prejudiced if the motion for default were to be denied. Denying this motion would be prejudicial to Plaintiffs "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, No. 06 Civ. 14226, 2008 WL 5560868, at * 2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.,* 2003 WL 1960584, at * 3). To answer the District Judge's first question, then, all three factors have been met and a default judgment is warranted. I therefore respectfully recommend to Judge Seybert that a default judgment be entered against Defendants CBOD, Greenbaum, and Ralston.

## III. DAMAGES CALCULATION

According to Plaintiffs, the Complaint contains a demand for "liquidated damages" plus interest, attorney's fees, and costs of suit, and, although "[t]his sum is now justly due and owing, [ ] no part of it has been paid." Mem. in Supp. of Mot. For Default Judgement ("Pls. Mem.") at 5. Plaintiffs state that the "RICO claims including treble damages and attorney's fees cannot be properly adjudicated until all or most participants in the alleged Unlawful Enterprise and Illicit Scheme have been served and further discovery has been obtained." *Id.* However, Plaintiffs, who style their motion as one for "partial default judgment on the state claims of fraud, conversion, unjust enrichment, conspiracy and gross negligence," ask the Court to award them money damages representing liquidated damages plus interest. *Id.* at 20.

A calculation of damages against the three defaulting defendants here is complicated by the presence of many non-defaulting defendants. In a situation "where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of

6

inconsistent judgments." *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (quoting *Friedman v. Lawrence*, 1991 WL 206308, at *4 (S.D.N.Y. Oct. 2, 1991)). As Magistrate Judge Gold recently noted:

> This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability. Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations.

*Harvey v. Home Savers Consulting Corp.*, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (internal citations and quotations omitted); *see also Long Island Hous. Services v. Greenview Properties, Inc.*, 2008 WL 150222, at *2 (E.D.N.Y. Jan. 11, 2008) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."); *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (same).

Here, Plaintiffs have alleged that all three Defendants "were members of the alleged illicit enterprise and co-conspirators in the alleged scheme to defraud Plaintiffs and others." Pls. Mem. at 6. It is clear, however, that because the Complaint alleges that Defendants CBOD, Greenbaum, and Ralston committed these acts together with the Salzman Defendants, who have appeared, Defendants CBOD, Greenbaum, and Ralston "may be held jointly and severally liable for the same damages." *Harvey*, 2008 WL 724152 at *1. Accordingly, "deferring consideration of damages with respect to the defendants in default until after [Plaintiffs'] contested claims are

7

litigated will minimize the risk of inconsistent awards." *Id.*

For these reasons, I respectfully recommend to Judge Seybert that the calculation of damages against Defendants CBOD, Greenbaum, and Ralston be deferred until the case is resolved as to the non-defaulting Salzman Defendants.

## IV. CONCLUSION

For the reasons set forth above, I respectfully recommend to Judge Seybert that (1) that a default judgment is warranted and should be entered against Defendants CBOD, Greenbaum, and Ralston; and (2) the calculation of damages against Defendants CBOD, Greenbaum, and Ralston be deferred until the case is resolved as to the non-defaulting Salzman Defendants.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Joanna Seybert, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the (10) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
August 14, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge