**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JOHANNES BAUMGARTNER
WIRTSCHAFTS-UND
VERMÖGENSBERATUNG GMBH, and
HOLGER KNUT THEILER,

                 Plaintiffs,

       - against -

STANLEY P. SALZMAN, ESQ., STANLEY
P. SALZMAN, P.C., FRIESNER & SALZMAN,
LLP., MARILYN J. SALZMAN, POSTBANK
FINANZBERATUNG AG, BHW BAUSPARKASSE
AG, a/k/a/ DEUTSCHE POSTBANK AG.,
MICHAEL KAUBISCH, STEFAN KRÖNER,
PETER SCHMIDT, AMBIENTE GMBH,
BLACKSTONE CAPITAL TRADE AG, HARI
RANA, MORITZ JOHANNES WAGNER d/b/a/
C.B.O.D. SERVICEBURO GERMANY, CARTER,
BAILEY,OPPENHEIM & DRYFUS, INC., J.
GREENBAUM, JOHN RALSTON, KAREN
SLACUM a/k/a KAREN SLOCUMB, AGENTS
FOR DELAWARE CORPORATIONS. INC.,
FERNANDO FARIA SAMPAIO, SINO-IBERIAN
HOLDINGS LIMITED, IT'S INVESTMENT
TREUHAND & SERVICE GMBH, NORBERT
SCHRAMM, MEHMED KOCABAS, ALI KARLI,
LIDER INTERNATIONAL IMPORT &
EXPORT GMBH, MESUT CETIN, HUSEYIN
COBAN, AYKUT HASAN BÖLUKBASI, MURAT
ÖZKAN, FIFO TRUST LIMITED, FIFO TRUSTEES
LIMITED, MEYTEC CAPITAL HOLDINGS
LIMITED, MARTIN BRIAN TOBIAS-GIBBINS, A.
RASHID, JOHN M. PRESTON LIMITED, KAZAN
INVESTMENTS LIMITED, UNIVERSAL METAL
TRADING LIMITED, METIN HAKAN, SERKET
SAHN, HILMI URKMEZ, MUHSIN KARAKURT
a/k/a/ VELI, PHILIP SINCLAIR, LES HARRISON,
MARTIN HALLEY, RENFREW SECURITY BANK
& TRUST (OFFSHORE) LTD., LONDON
FINANCIAL INVESTMENT GROUP LTD.,

                 **REPORT AND**
                 <u>**RECOMMENDATION**</u>

                 CV 08-2582 (JS) (AKT)

and DEFENDANT DOES 1-50,

                              Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    PRELIMINARY STATEMENT

Plaintiffs Johannes Baumgartner Wirtschafts-und Vermögensberatung GmbH ("JBWV")

and Holger knut Theiler ("Theiler") (collectively "Plaintiffs") commenced this action against

multiple Defendants,[1] alleging, *inter alia*, RICO violations, violations of federal securities laws,

breach of contract, breach of fiduciary duty, negligence, fraud, fraudulent conveyance, civil

conspiracy and fraudulent concealment, constructive trust, conversion, and unjust enrichment.

Defendants Stanley P. Salzman, Esq. and Salzman P.C. (collectively, the "Salzman

Defendants") answered the Complaint denying the allegations and asserted a counterclaim

against Plaintiffs seeking indemnification [DE 7].  However the Salzman Defendants were

dismissed from this action without prejudice, on March 16, 2010.  *See* DE 128.

Defendants Carter Bailey Oppenheim & Dryfus, Inc. ("CBOD"), Greenbaum, and Ralston

never responded to the Complaint, nor did they seek additional time to respond after being

properly served with the same.  Thus, Plaintiffs moved for and were granted default judgment

against those Defendants under Rule 55(b) and the default was entered on September 10, 2009.

*See* DE 14, 60.

---

[1] The original Defendants were: Stanley P. Salzman, Esq.; Stanley P. Saltzman, P.C.;
Postbank Finanzberatung AG; BHW Bausparkasse AG; Peter Schmidt; Ambiente GMBH;
Blackstone Capital Trade AG; Carter Bailey Oppenheim & Dryfus, Inc.; J. Greenbaum; John
Ralston; Fernando Faria Sampaio; Sino-Iberian Holdings Limited; It's Investment Treuhand &
Service GMBH; Norbert Schramm; Ali Karli; Lider International Import & Export GMBH;
Mesut Cetin; and Huseyin Coban.  *See* DE 1.

Plaintiffs subsequently moved to amend the Complaint seeking to add, among other things, additional parties. DE 31. However, before a ruling was made on that motion, Plaintiffs moved to file a second amended complaint to correct clerical errors in the captioning of their proposed amended complaint. DE 62. Plaintiffs' motion to file a second amended complaint was granted [DE 63], and the new pleadings added the following Defendants: Friesner & Salzman, P.C.; Marilyn J. Salzman;[2] Hari Rana; Moritz Johannes Wagner d/b/a/ C.B.O.D.; Serviceburo Germany; Karen Slacum a/k/a Karen Slocumb ("Slacum"); Agents for Delaware Corporations, Inc. ("ADCI"); Mehmed Kocabas; Aykut Hasan Bolukbasi; Murat Özkan; FiFo Trust Limited; FiFo Trustees Limited; Meytec Capital Holdings Limited; Martin Brian Tobias-Gibbins; A. Rashid; John M. Preston Limited; Kazan Investments Limited; Universal Metal Trading Limited; Metin Hakan; Serket Sahin; Hilmi Urkmez; Muhsin Karakurt a/k/a Veli; Philip Sinclair; Les Harrison; Martin Halley; Renfrew Security Bank & Trust (Offshore) Ltd.; and London Financial Investment Group Ltd.

Defendants Slacum and ADCI, since being served, never responded to the Second Amended Complaint nor have they sought additional time to respond to the pleadings. Plaintiffs accordingly sought the Clerk's entry of default as against these Defendants pursuant to Rule 55(a) [DE 73].[3] After the Clerk of the Court noted the default of Defendants Slacum and ADCI [DE 75, 76], Plaintiffs filed a motion under Rule 55(b) seeking entry of default judgment against them. DE 77. Judge Seybert has referred the matter to me for a Report and

[2] Defendant Marilyn Salzman entered into a Stipulation of Dismissal with Plaintiffs and is no longer a party to the action. *See* DE 86.

[3] Plaintiffs also sought the default of Defendant Friesner & Salzman LLP, however, the party was voluntarily dismissed. *See* DE 128.

Recommendation on whether the pending motion should be granted and to determine the appropriate amount of damages, costs, and fees, if any, to be awarded. DE 91.

## II.   APPLICABLE STANDARD

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiffs have provided adequate support for the relief they seek. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

For a movant to obtain a default judgment, it must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R.. Civ. P. 55(a); *see FashionTV.com GMBH v. Hew*, No. 06-CV-3200, 2007 WL 2363694, at *2 (S.D.N.Y. Aug. 17, 2007). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b), as Plaintiffs have done here. *See Kieit Constructors, Inc. v. Franbuilt, Inc.,* No. 07-CV-121A, 2007 WL 4405029 at *2 (W.D.N.Y. Dec. 14, 2007); *FashionTV.com*, 2007 WL 2363694, at *2. The Clerk of the Court noted the default of Defendants Slacum and

ADCI but judgment has not been entered for Plaintiffs.  *See* DE 75, 76.

Rule 55(b)(2) provides that, except in cases in which "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" (*see* Rule 55(b)(1)), "the party must apply to the court for a default judgment."  The determination of a motion for default judgment is left to the sound discretion of the district court.  *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 160, 610, 615 (2d Cir. 1999).

In determining whether to grant a default judgment, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved [ ] and whether the grounds for default are clearly established or in doubt.'" *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685 (3d ed.1998)).  As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default.  *See Enron Oil Corp. v. Diakuhara*, 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd*., 249 F.3d 167, 170-171 (2d Cir. 2001).   These factors are  (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.,* 2003 WL 1960584, No. 02 Civ. 9044, at *2 (S.D.N.Y.  Apr. 25, 2003) (citation omitted); *see also Basile v. Wiggs*, No. 08-CV-7549, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect") (second alteration in the original)

5

(quoting *Feely v. Whitman Corp.*, 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999)).

## III.   DISCUSSION

As to the first factor, the failure of Defendants Slacum and ADCI to respond to the Complaint sufficiently demonstrates wilfulness. *See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2007 WL 4468652 (S.D.N.Y. Dec. 20, 2007). Plaintiffs have submitted affidavits of service demonstrating that Defendants Slacum and ACDI "were properly served on October 6, 2009 with a Summons and a copy of the verified Complaint." Aff. of Ivo George Caytas, Esq. ("Caytas Aff."), ¶ 8; *see also* DE 69, 70. As noted above, Defendants Slacum and ACDI never answered or responded in any way to the Second Amended Complaint, nor did they request an extension of time to respond. Additionally, Plaintiffs have submitted an affidavit of service demonstrating that Defendants Slacum and ACDI were served with Plaintiffs' motion for default judgment as well as with copies of the Clerk's Certificates noting the defaults of each of these three Defendants [DE 82]. The affidavit included return receipts demonstrating that the mailing had been received individually on behalf of Defendants Slacum and ACDI.[4] *Id.* Therefore, the court file removes any doubt and clearly establishes that Defendants Slacum and ACDI have failed to respond to the Second Amended Complaint despite being properly served.

Next, the Court must consider whether Defendants Slacum and ACDI have a meritorious defense. The Court is unable to make a determination whether these Defendants have a meritorious defense to Plaintiffs' allegations because they have presented no such defense to the

---

[4] Therefore, despite the indications on the docket that the Clerk of Court was not able to serve copies of the Clerk's Certificate noting default on Defendants Slacum and ACDI, the Court is satisfied that each of these Defendants did, in fact, receive copies of such documents. As further proof, attached to DE 82 is a letter from Ms. Slacum referencing the recently served lawsuit. DE 82, Ex. B.

Court.  Hence, where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  *Chen v. Jenna Lane, Inc.,* 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 58-59 (3d ed.1998)).   The Second Amended Complaint, the allegations of which are deemed admitted by Defendants Slacum and ACDI in light of their default, describes in detail the factual allegations that underlie Plaintiffs' claims for RICO violations, violations of federal securities laws, breach of contract, breach of fiduciary duty, negligence, fraud, fraudulent conveyance, civil conspiracy and fraudulent concealment, constructive trust, conversion, and unjust enrichment.  *See Indymac Bank*, 2007 WL 4468652, at *1.

The final factor the Court must consider is whether the non-defaulting parties would be prejudiced if the motion for default were to be denied.  Denying this motion would be prejudicial to Plaintiffs "as there are no additional steps available to secure relief in this Court."  *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC,* No. 06 Civ. 14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.,* 2003 WL 1960584, at *3).   To answer the District Judge's first question, then, all three factors have been met and a default judgment is warranted.  I therefore respectfully recommend to Judge Seybert that a default judgment be entered against Defendants Slacum and ACDI.

## IV.  DAMAGES CALCULATION

According to Plaintiffs, the Second Amended Complaint contains a demand for "liquidated damages" plus interest, attorney's fees, and costs of suit, and, although "[t]his sum is now justly due and owing, [ ] no part of it has been paid."  Mem. in Supp. of Mot. For Default Judgement ("Pls. Mem.") at 5.  Plaintiffs state that the "RICO claims including treble damages and attorney's fees cannot be properly adjudicated until all or most participants in the alleged Unlawful Enterprise and Illicit Scheme have been served and further discovery has been obtained."  *Id.*  However, Plaintiffs, who style their motion as one for "partial default judgment on the state claims of fraud, conversion, unjust enrichment, conspiracy and gross negligence," ask the Court to award them money damages representing liquidated damages plus interest.  *Id.* at 20.

A calculation of damages against the two defaulting defendants here is complicated by the presence of many non-defaulting defendants.[5]  In a situation "where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments."  *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (quoting *Friedman v. Lawrence*, 1991 WL 206308, at *4 (S.D.N.Y. Oct. 2, 1991)).  As another court in this District recently noted:

---

[5]  Indeed, before the Court are pending motions to dismiss by Defendants Aykut Hasan Bolukbasi, Murat Ozkan, Hakan Metin, BHW Bausparkasse AG, Michael Kaubisch, Stefan Kroner, Postbank Finanzberatung AG, FIFO Trust Limited and FIFO Trustees Limited.  *See* DE 103, 104, 110, 114, 192.

> [t]his principle derives from the Supreme Court's decision in 1872 in
> *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been
> narrowed to cases involving true joint liability. Nonetheless, courts
> have also consistently delayed damages inquests even where a
> plaintiff seeks joint and several liability in order to avoid the
> problems of dealing with inconsistent damage determinations.

*Harvey v. Home Savers Consulting Corp.*, No. 07-CV-2645, 2008 WL 724152, at *1 (E.D.N.Y.

Mar. 17, 2008) (internal citations and quotations omitted); *see also Long Island Hous. Services v.*

*Greenview Properties, Inc.*, No. 07-CV-352, 2008 WL 150222, at *2 (E.D.N.Y. Jan. 11, 2008)

("When there are multiple defendants who may be jointly and severally liable for damages

alleged by plaintiff, and some but less than all of those defendants default, the better practice is

for the district court to stay its determination of damages against the defaulters until plaintiff's

claim against the nondefaulters is resolved."); *Lawrence v. Vaman Trading Co., Inc.*, No. 92 Civ.

0377, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (same).

Here, Plaintiffs have alleged that Slacum and ADCI "were affiliated and closely involved

with Defendants" and "either directly or indirectly through defendants CBOD, John Ralston, J.

Greenbaum, Sino-Iberian Holdings Ltd., Moritz Johannes Wagner d/b/a/ C.B.O.D. Serviceburo

Germany and other defendants herein, conspired to defraud Plaintiffs by supporting the alleged

conspiracy of the Defendants which resulted in part or all of Plaintiffs' escrowed funds alleged to

have been disbursed imprperly." Pls. Mem. at 6. It is clear, however, that because the Second

Amended Complaint alleges that Defendants Slacum and ACDI committed these acts together

with the other named Defendants, some of whom have appeared in this action, Defendants

Slacum and ACDI "may be held jointly and severally liable for the same damages." *Harvey*,

2008 WL 724152 at *1. Accordingly, "deferring consideration of damages with respect to the

defendants in default until after [Plaintiffs'] contested claims are litigated will minimize the risk of inconsistent awards." *Id.*

For these reasons, I respectfully recommend to Judge Seybert that the calculation of damages against Defendants Slacum and ACDI be deferred until the case is resolved as to the non-defaulting parties.

## V.   CONCLUSION

For the reasons set forth above, I respectfully recommend to Judge Seybert that (1) a default judgment is warranted and should be entered against Defendants Slacum and ACDI; and (2) the calculation of damages against Defendants Slacum and ACDI be deferred until the case is resolved as to the non-defaulting Defendants.


Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e).   Such objections shall be filed with the Clerk of the Court via ECF.   A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Joanna Seybert, and to the chambers of the undersigned.   Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections.   Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
     August 24,  2010

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge