UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
JOHANNES BAUMGARTNER WIRTSCHAFTS UND
VERMOGENSBERATUNG GMBH, and HOLGER KNUT
THEILER,

                                          MEMORANDUM AND ORDER
                      Plaintiffs,          08-CV-2582 (JS)(AKT)

        -against-

STANLEY P. SALZMAN, ESQ., ET AL.,

                      Defendants.
----------------------------------------x
APPEARANCES:
For Plaintiffs:        Ivo G. Caytas, Esq.
                       Caytas & Associates
                       146 West 57th Street, Suite 57d
                       New York, NY 10019


For Defendants:
Postbank Defendants    Howard Zelbo, Esq.
                       Cleary Gottlieb Steen & Hamilton
                       One Liberty Plaza
                       New York, NY 10006


FIFO Trust Ltd.        Charles Hyman, Esq.
                       Kissel Hirsch & Wilmer LLP
                       580 White Plains Road, 5th Floor
                       Tarrytown, NY 10591


Ayuk H. Bolukbasi      Ayuk H. Bolukbasi, pro se
                       Bagdat Cad. Nazli Apt. No:78 K:2 D:7
                       Kiziltoprak – Istanbul
                       Republic of Turkey


Murat Ozkan            Murat Ozkan, pro se
                       Hamam sok. 33/33
                       Goztepe – Istanbul
                       Republic of Turkey


Hakan Metin            Hakan Metin, pro se
                       Breslauer Strasse 15, 59423 Unna
                       Federal Republic of Germany


Other Defendants       No appearances.

SEYBERT, District Judge:

Pending before the Court is Plaintiffs' motion for a partial default judgment against Defendants Karen Slacum and Agents for Delaware Corporations, Inc. ("ADCI"), Docket No. 77. On January 26, 2010, the Court referred this motion to Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation ("R&R"). On August 24, 2010, Judge Tomlinson issued an R&R. Judge Tomlinson recommended that: (1) the Court award Plaintiffs a default judgment as to liability against Defendants Slacum and ADCI; but (2) defer any calculation of damages until this case is resolved against the Defendants who have not defaulted. Slacum and ADCI have filed no objections. But Plaintiffs have objected to Judge Tomlinson's recommendation that the Court defer entering a judgment on damages.

For the foregoing reasons, Plaintiffs' objections are SUSTAINED. Magistrate Judge Tomlinson's R&R is ADOPTED IN PART AND OVERRULED IN PART. The Court hereby enters a partial default judgment against Defendants Slacum and ACDI, as requested by Plaintiffs.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §

2

636(b)(1)(C).   If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record."   Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotations omitted).   If, however, objections have been filed to an R&R concerning dispositive motions, the Court must review the objected-to portions of the R&R de novo.

Here, there have been no objections to Judge Tomlinson's recommendation that a default judgment on liability be entered against Defendants Slacum and ADCI.   And the Court finds Judge Tomlinson's recommendation to be correct, comprehensive, well-reasoned and free of clear error. Accordingly, the Court adopts this portion of her R&R.

Judge Tomlinson's recommendation that the Court defer any damages judgment is a slightly different matter.   Judge Tomlinson's R&R accurately reflects the bulk of authority in recommending that, when a plaintiff seeks to impose joint and several liability against both defaulting and non-defaulting defendants, the Court should defer any finding of damages until resolution of the claims against the non-defaulting defendants, so as to avoid the risk of inconsistent judgments.   See, e.g., Lopez-Oviedo v. Marvin, 08-CV-1909, 2009 WL 2984172, at *1 (E.D.N.Y. 2009); Harvey v. Home Savers Consulting Corp., 07-CV-2645, 2008 WL 724152, at *1 (E.D.N.Y. 2008).   The Court,

however, has the discretion to depart from this usual rule in the interests of justice. For instance, in <u>International Gemmological Institute, Inc. v. Rafaeil</u>, 05-CV-2395, 2005 WL3880222, at *2-3 (S.D.N.Y. 2005), Magistrate Judge James C. Francis recommended such a departure. Judge Francis noted that, because a plaintiff cannot seek to enforce a judgment until it is final, postponing a damages judgment would afford the defaulting defendants "ample opportunity to spend, secrete, or otherwise protect their ill-gotten gains."

Given that the unusual facts of this case, the Court believes that following Judge Francis' reasoning would best serve the interests of justice. First, although, as a technical matter, some Defendants have not defaulted, no Defendant has yet answered the Complaint or otherwise contested its merits. Instead, a few Defendants have so far not defaulted because they timely moved to dismiss for lack of personal jurisdiction, based on facts inapplicable to Slacum or ADCI. Plaintiffs report that they are in the process of settling with two of these Defendants. <u>See</u> Pl. Objections at ¶ 6.2. And the remaining non-defaulting Defendants are Turkish citizens who appeared <u>pro se</u> through short letter motions demanding dismissal on personal jurisdiction grounds. Now that those motions have been denied, it is unclear whether any of the Turkish Defendants intend to defend themselves. It follows then that the risk of

inconsistent judgments is significantly lower than in a typical case because, so far, no non-defaulting defendant has sought to litigate this case on its merits – and there is a good chance that none will.

Second, Plaintiffs have agreed to deposit any money recovered from Slacum and ADCI with the Court, pending this litigation's final resolution. Thus, to the extent that this Order ultimately results in an inconsistent judgment, that harm can be rectified by the Court subsequently amending the judgment against Slacum and ADCI and releasing any excess money within its possession.

Third, as in Rafaeil, the Court believes that the risk of the defaulting Defendants squirreling away assets is high. Thus, in this case, a judgment delayed may be justice denied.

Finally, Plaintiffs' motion for a partial default judgment seeks only liquidated damages that are easily calculable, while deferring consideration of other damages.

Taking these factors into account, the Court hereby SUSTAINS Plaintiff's objections, and OVERRULES the portion of Judge Tomlinson's R&R that recommended delaying an assessment of damages. It follows then that Plaintiff's motion for a partial default judgment (Docket No. 77) is GRANTED IN ITS ENTIRETY.

Accordingly, the Court hereby ORDERS that:

1. A default judgment is entered against Defendants Slacum and ADCI.

2. Defendants Slacum and ADCI are jointly and severally liable to Plaintiff Johannes Baumgartner Wirtschafts-Lind Vermogensberati-ING GMBH for: (a) liquidated damages in the amount of $3,600,000; plus (b) statutory interest at a 9% annual rate, or $887.67 per day, from March 19, 2008 until today, September 30, 2010 (926 total days), totaling prejudgment interest in the amount of $821,982.42.

3. Defendants Slacum and ADCI are jointly and severally liable to Plaintiff Holger Knut Theiler for: (a) liquidated damages in the amount of $200,000; plus (b) statutory interest at a 9% annual rate on $1,200,000,00, or $295.89 per day, from March 20, 2008 through June 19, 2008 (92 total days), totaling prejudgment interest in the amount of $27,221.88;[1] plus (c) statutory interest at a 9% annual rate on $200,000, or roughly $41.32 per day, from June 20, 2008 until today, September 30, 2010 (833 total days), totaling prejudgment interest in the amount of $41,079.45.

---

[1] On June 20, 2008, Holger Knut Theiler succeeded in recovering $1,000,000 of an initial $1,200,000 investment.

4. Any assets that Plaintiffs recover from Defendants Slacum and ADCI shall be deposited in the Court's registry pending this case's resolution or further order of the Court. Plaintiffs are directed to consult with Magistrate Judge Tomlinson concerning the proper procedure for depositing said assets.

5. The Court shall retain jurisdiction of this matter for all purposes.

6. Plaintiffs are ORDERED to serve a copy of this Order upon Defendants Slacum and ADCI.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          September 30, 2010