UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHANNES BAUMGARTNER
WIRTSCHAFTS-UND
VERMÖGENSBERATUNG GMBH, and
HOLGER KNUT THEILER,

                  Plaintiffs,

   - against -

STANLEY P. SALZMAN, ESQ., STANLEY
P. SALZMAN, P.C., FRIESNER & SALZMAN,
LLP., MARILYN J. SALZMAN, POSTBANK
FINANZBERATUNG AG, BHW BAUSPARKASSE
AG, a/k/a/ DEUTSCHE POSTBANK AG.,
MICHAEL KAUBISCH, STEFAN KRÖNER,
PETER SCHMIDT, AMBIENTE GMBH,
BLACKSTONE CAPITAL TRADE AG, HARI
RANA, MORITZ JOHANNES WAGNER d/b/a/
C.B.O.D. SERVICEBURO GERMANY, CARTER,
BAILEY,OPPENHEIM & DRYFUS, INC., J.
GREENBAUM, JOHN RALSTON, KAREN
SLACUM a/k/a KAREN SLOCUMB, AGENTS
FOR DELAWARE CORPORATIONS. INC.,
FERNANDO FARIA SAMPAIO, SINO-IBERIAN
HOLDINGS LIMITED, IT'S INVESTMENT
TREUHAND & SERVICE GMBH, NORBERT
SCHRAMM, MEHMED KOCABAS, ALI KARLI,
LIDER INTERNATIONAL IMPORT &
EXPORT GMBH, MESUT CETIN, HUSEYIN
COBAN, AYKUT HASAN BÖLUKBASI, MURAT
ÖZKAN, FIFO TRUST LIMITED, FIFO TRUSTEES
LIMITED, MEYTEC CAPITAL HOLDINGS
LIMITED, MARTIN BRIAN TOBIAS-GIBBINS, A.
RASHID, JOHN M. PRESTON LIMITED, KAZAN
INVESTMENTS LIMITED, UNIVERSAL METAL
TRADING LIMITED, METIN HAKAN, SERKET
SAHN, HILMI URKMEZ, MUHSIN KARAKURT
a/k/a/ VELI, PHILIP SINCLAIR, LES HARRISON,

**AMENDED REPORT
AND RECOMMENDATION**

CV 08-2582 (JS) (AKT)

MARTIN HALLEY, RENFREW SECURITY BANK
& TRUST (OFFSHORE) LTD., LONDON
FINANCIAL INVESTMENT GROUP LTD.,
and DEFENDANT DOES 1-50,

          Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

  On February 14, 2011, this Court issued a Report and Recommendation with respect to Plaintiffs' motions for partial default judgment against Defendants Ambiente, Schmidt, Veli and Kocabas. *See* DE 261. However, subsequent to posting the Report and Recommendation on ECF, the Court became aware of a typographical error that resulted in a miscalculation for the interest accrued. Therefore, this Court submits this Amended Report and Recommendation which supercedes DE 261.

## I.  PRELIMINARY STATEMENT

  Presently before the Court are Plaintiffs Johannes Baumgartner Wirtschafts-und Vermögensberatung GmbH ("JBWV") and Holger knut Theiler's ("Theiler") motions for partial default judgment[1] against Defendants Ambiente GMBH ("Ambiente"), Peter Schmidt ("Schmidt"), Muhsin Karakurt a/k/a Muhsin Veli ("Veli"), and Mehmed Kocabas ("Kocabas").

  Since being served with the Second Amended Complaint, Defendants Ambiente, Schmidt, Veli and Kocabas neither responded to nor sought additional time to respond to the pleading. Accordingly, Plaintiffs sought the Clerk's entry of default against these Defendants

---

[1] These motions are for partial default judgment because Plaintiffs only moved with respect to their state law claims of fraud, conversion, unjust enrichment, conspiracy and gross negligence.

pursuant to Rule 55(a).  *See* DE 134, 142.  After the Clerk of the Court noted the default of these Defendants (*see* DE 138-39, 141, 143), Plaintiffs filed motions under Rule 55(b) seeking entry of default judgment against them.  *See* DE 145, 149.  Judge Seybert has referred these motions to me for a Report and Recommendation to advise whether the pending motions should be granted and to determine the appropriate amount of damages, costs, and fees, if any, to be awarded.  *See* DE 154.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2008, Plaintiffs commenced this action against multiple Defendants,[2] alleging, *inter alia*, RICO violations, violations of federal securities laws, and various state law claims including breach of contract, breach of fiduciary duty, negligence, fraud, fraudulent conveyance, civil conspiracy and fraudulent concealment, constructive trust, conversion, and unjust enrichment.  DE 1.

Plaintiffs initially moved to amend the Complaint seeking to include, among other things, additional defendants.  DE 31.  However, before a ruling was made on that motion, Plaintiffs moved to file a Second Amended Complaint to correct clerical errors in the captioning of their proposed amended complaint.  DE 62.  Plaintiffs' motion to file a Second Amended Complaint

---

[2] The original Defendants were: (1) Stanley P. Salzman, Esq.; (2) Stanley P. Saltzman, P.C.; (3) Postbank Finanzberatung AG ("Postbank"); (4) BHW Bausparkasse AG ("BHW"); (5) Peter Schmidt; (6) Ambiente GMBH; (7) Blackstone Capital Trade AG ("Blackstone"); (8) Carter Bailey Oppenheim & Dryfus, Inc. ("CBOD"); (9) J. Greenbaum; (10) John Ralston; (11) Fernando Faria Sampaio; (12) Sino-Iberian Holdings Limited ("Sino"); (13) It's Investment Treuhand & Service GMBH; (14) Norbert Schramm; (15) Ali Karli; (16) Lider International Import & Export GMBH; (17) Mesut Cetin; and (18) Huseyin Coban.  *See* DE 1.

was granted (DE 63), and the new pleading set forth additional Defendants.[3]

Subsequent to the filing of the second amended complaint, Defendants Marilyn Salzman, Friesner & Salzman LLP, and Universal were voluntarily dismissed by the Plaintiffs. DE 86, 128, 171. In addition, Defendants Gibbons and Meytec consented to have a judgment entered against them in an amount just over $7.5 million. DE 234.

### A.  Responding Defendants.

Defendants Stanley P. Salzman, Esq. and Salzman P.C. ("Salzman Defendants") were the only Defendants to respond to the Complaint by filing an Answer denying the allegations and asserting a counterclaim against Plaintiffs for indemnification. *See* DE 7. However, on March 16, 2010, the Salzman Defendants were dismissed from this action, without prejudice. *See* DE 128.

On February 18, 2010, Defendants Bolukbasi and Özkan wrote to the Court claiming that the lawsuit was not acceptable against them in terms of "procedure and principle" and requested its dismissal. DE 103-104. A similar letter was filed by Defendant Metin on February 26, 2010. DE 110. Judge Seybert construed these letters as motions to dismiss and subsequently denied

---

[3] These Defendants are: (1) Friesner & Salzman, P.C.; (2) Marilyn J. Salzman; (3) Michael Kaubisch; (4) Stefan Kroner; (5) Hari Rana; (6) Moritz Johannes Wagner d/b/a/ C.B.O.D. Serviceburo Germany; (7) Karen Slacum a/k/a Karen Slocumb ("Slacum"); (8) Agents for Delaware Corporations, Inc. ("ADCI"); (9) Mehmed Kocabas; (10) Aykut Hasan Bolukbasi; (11) Murat Özkan; (12) FiFo Trust Limited; (13) FiFo Trustees Limited; (14) Meytec Capital Holdings Limited ("Meytec") ; (15) Martin Brian Tobias-Gibbins ("Gibbons") ; (16) A. Rashid; (17) John M. Preston Limited; (18) Kazan Investments Limited; (19) Universal Metal Trading Limited ("Universal"); (20) Metin Hakan; (21) Serket Sahin; (22) Hilmi Urkmez; (23) Muhsin Veli a/k/a Veli; (24) Philip Sinclair; (25) Les Harrison; (26) Martin Halley; (27) Renfrew Security Bank & Trust (Offshore) Ltd.; and (28) London Financial Investment Group Ltd.

them on September 17, 2010.  DE 237.  In addition, on March 11, 2010, Defendants Postbank, Kaubisch and Kroner formally moved to dismiss the Second Amended Complaint for lack of personal jurisdiction, subject matter jurisdiction, and for failure to state a claim.  DE 114.  Likewise, on July 23, 2010, Defendants FiFo Trust Limited and FiFo Trustees Limited moved to dismiss for lack of personal jurisdiction.  DE 192.   Before these motions were decided, Plaintiffs voluntarily dismissed Postbank, Kaubisch and Kroner, without prejudice, and FiFo Trust Limited and FiFo Trustees Limited, with prejudice.  DE 235, 253.  Therefore, the only Defendants remaining in this action are those that have defaulted.

### B. Defaulting Defendants

As Defendants Carter Bailey Oppenheim & Dryfus, Inc. ("CBOD"), Greenbaum, and Ralston never responded to the original Complaint, Plaintiffs moved for partial default judgment against them under Rule 55(b).  *See* DE 14.  On September 10, 2009, Judge Seybert adopted this Court's Report & Recommendation (DE 57) granting default judgment but deferring the calculation of damages until the remaining claims against the non-defaulting Defendants were resolved.  DE  60.

Further, Plaintiffs moved for partial default judgment against Defendants Slacum and ADCI who failed to answer or otherwise move with respect to the Second Amended Complaint.  DE 77.  Consistent with the previous Report & Recommendation addressing other defaulting defendants, this Court recommended to Judge Seybert that Plaintiffs' default judgment be granted but that a calculation of damages be deferred.  DE 217.  However, after considering an objection filed by Plaintiffs (*see* DE 220) regarding exigent circumstances of which this Court was unaware, Judge Seybert adopted in part and overruled in part the Report and

5

Recommendation and entered a partial default judgment awarding liquidated damages and statutory interest. DE 240.

## II. APPLICABLE STANDARD

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiffs have provided adequate support for the relief they seek. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

For a movant to obtain a default judgment, it must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R.. Civ. P. 55(a); *see also FashionTV.com GMBH v. Hew*, No. 06-CV-3200, 2007 WL 2363694, at *2 (S.D.N.Y. Aug. 17, 2007). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b), as Plaintiffs have done here. *See Kieit Constructors, Inc. v. Franbuilt, Inc.,* No. 07-CV-121A, 2007 WL 4405029 at *2 (W.D.N.Y. Dec. 14, 2007); *FashionTV.com*, 2007 WL 2363694, at *2. The Clerk of the Court noted the default of

Defendants Ambiente, Schmidt, Veli and Kocabas but judgment has not been entered for Plaintiffs.  *See* DE 138-39, 141, 143.  Rule 55(b) provides that, except in cases in which "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" (*see* Rule 55(b)(1)), "the party must apply to the court for a default judgment."  *See* Fed. R. Civ. P. 55(b)(2).  The determination of a motion for default judgment is left to the sound discretion of the district court.  *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999).

In determining whether to grant a default judgment, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved [ ] and whether the grounds for default are clearly established or in doubt.'" *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685 (3d ed.1998)).  As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-171 (2d Cir. 2001).  These factors are  (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.,* No. 02 Civ. 9044, 2003 WL 1960584, at *2 (S.D.N.Y.  Apr. 25, 2003) (citation omitted); *see also Basile v. Wiggs*, No. 08-CV-7549, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of

prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect") (second alteration in the original) (quoting *Feely v. Whitman Corp.*, 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999)).

### III. DISCUSSION

As to the first factor, the failure of Defendants to respond to the Complaint sufficiently demonstrates willfulness. *See Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Plaintiffs have submitted certificates of service demonstrating that Defendants Ambiente and Schmidt were personally served on February 19, 2009 by Process Forwarding International, agents for the U.S. Central Authority under the Hague Service Convention. *See* DE 123-24; *see also* Cert. of Ivo George Caytas and Mem. of Law in Supp. of Mot. for Partial Default Judgment Against Defs.' Ambiente and Schmidt ("Caytas Cert. I") ¶ 8. Plaintiffs also submitted certificates of service demonstrating that Defendants Kocabas and Veli were served in the same manner on January 26, 2010 and February 19, 2010, respectively. *See* DE 129, 136; *see also* Cert. of Ivo George Caytas and Mem. of Law in Supp. of Mot. for Partial Default Judgment Against Defs.' Veli and Kocabas ("Caytas Cert. II") ¶ 8. As noted above, Defendants neither answered nor responded in any way to the Second Amended Complaint, nor did they request an extension of time to respond. Additionally, Plaintiffs have submitted affidavits of service demonstrating that the Defendants were served with Plaintiffs' motion for partial default judgment as well as with copies of the

Clerk's Certificates noting the defaults of each of these Defendants.[4] See DE 146, 150. Therefore, the court file removes any doubt and clearly establishes that Defendants have failed to respond to the Second Amended Complaint despite being properly served.

Next, the Court must consider whether Defendants have a meritorious defense. The Court is unable to make such a determination because these Defendants have presented no such defense to the Court. Hence, where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Chen v. Jenna Lane, Inc.,* 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 58-59 (3d ed.1998)). For purposes of these motions, Plaintiffs seek a partial default judgment only as to the state law claims of fraud, conversion, unjust enrichment, conspiracy and gross negligence. *See* Caytas Cert. I ¶ 46; Caytas Cert. II ¶ 46. In the Second Amended Complaint, Plaintiffs recount the complex multiple jurisdiction, multi-million-dollar scheme of Defendants, which involved numerous parties, including those with ties to Turkish organized crime . *See* Sec. Am. Compl. ¶¶ 64-135. Reduced to its essence, the scheme followed a pattern commonly known as "Advance Fee Fraud." This is where

> members of the alleged conspiracy would court investors with attractive representations, proposals and offerings regarding a private placement program that would enable these investors to participate in a secretive, unusually lucrative high yield investment program ("HYIP") supposedly conducted by licensed bank traders acting for major financial institutions under licenses granted by the U.S. Federal

---

[4] Indeed, the Clerk of the E.D.N.Y. also sent copies of the Clerk's Certificates noting the defaults of the Defendants. *See* DE 138-39, 141, 143.

> Reserve. The HYIP was supposed to generate returns far above market averages because licensed bank traders were selling fixed-income securities issued by major international money center banks at a substantial discount into the secondary bond market, all under the strict supervision and control by the U.S. Federal Reserve.

Sec. Am. Compl. ¶¶ 72-73 (internal quotations omitted). The scheme involved bank employees (with access to bank documents) as well as Defendant Saltzman, a New York attorney acting as escrow agent, who, with other Defendants, gave the scheme the appearance of legitimacy and credibility. *See id.* ¶¶ 66, 68, 71.

With regard to the Defendants at issue in this motion, Plaintiffs maintain that Defendants Veli and Kocabas were members of the Turkish organized crime ring involved in financial institutional fraud, securities fraud, forgery, wire fraud and money laundering, all of which were part of the scheme which injured the Plaintiffs. *See* Sec. Am. Compl. ¶ 65; Caytas Cert. II ¶ 26. Specifically, Plaintiffs argue that Defendants facilitated and provided logistical and other support to a "gang of Turkish fraudsters and forgers" who secured the forged bank documents that were presented to Plaintiffs. Sec. Am. Compl. ¶ 82; Caytas Cert. II ¶¶ 27-28. Apparently, Defendant Kocabas is also the subject of a pending criminal investigation by German government authorities. Sec. Am. Compl ¶ 25.

The Second Amended Complaint also alleges that from at least January 2008, Defendant Schmidt and his *alter ego* Ambiente, with the assistance of other Defendants, acted as principal "point men" for solicitation of investors in Europe for the HYIP, including the solicitation of $4.8 million from Plaintiffs in Austria and Germany. *Id.* ¶¶ 70, 108-110. Plaintiffs claim that Schmidt induced them with attractive promises of high investment returns at little or no capital risk through presentations put on by the Defendant. *Id.* Plaintiffs assert that Schmidt made

material misrepresentations and omissions concerning (1) the existence of the trading program; (2) unreasonable claims of expected profits of between 5% and 100% per month; (3) purported minimum investments for entry into the programs; and (4) the purported safe, risk-free nature of the program. *Id.* ¶¶ 87, 93-104. Plaintiffs also aver that Schmidt required them to sign investment agreements which he signed on behalf of Defendant Ambiente. *Id.* at 106. Specific to the Plaintiffs, Schmidt apparently persuaded JBWV and Theiler in January 2008 to invest $3.6 million and $1.2 million respectively, which they did by wiring such amounts into Defendant Salzman's attorney trust account. *Id.* ¶¶ 112-124. Subsequently, Plaintiffs' funds were withdrawn from the account and transferred by Defendant Salzman to other Defendants, notwithstanding the fact that Salzman had no authority to make such disbursements. *Id.* ¶¶ 81-82, 88. These allegations, which are deemed admitted by Defendants in light of their default, describe in detail the factual allegations that underlie Plaintiffs' claims for fraud, conversion, unjust enrichment, conspiracy and gross negligence, all of which this Court finds adequately pled by the Plaintiffs. *See Indymac Bank*, 2007 WL 4468652, at *1.

The final factor the Court must consider is whether the non-defaulting parties would be prejudiced if the motion for default were to be denied. Denying these motions would be prejudicial to Plaintiffs "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC,* No. 06 Civ. 14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.,* 2003 WL 1960584, at *3). Since all three factors have been met and the partial default judgment sought by Plaintiffs is warranted, I respectfully recommend to Judge Seybert that a partial default judgment be entered against Defendants Ambiente, Schmidt, Veli and Kocabus.

## IV.  DAMAGES CALCULATION

In previous motions submitted by Plaintiffs seeking partial default judgment, this Court recommended that all damage calculations be deferred in light of the fact that the Defendants were jointly and severally liable and that there were non-defaulting Defendants actively defending themselves in this action.  However, all Defendants who were pursuing their defenses are no longer a part of this action.  In addition, Judge Seybert, although indicating the bulk of authority supported deferring any finding of damages until resolution of the claims against non-defaulting defendants, nevertheless found that  "the risk of the defaulting Defendants squirreling away assets is high" and therefore awarded damages.  *See* DE 240; *see also Int'l Gemmological Inst. v. Rafaeil*, No. 05-CV-2395, 2005 WL 3880222, at *2-3 (finding that postponing a damages judgment would afford the defaulting defendants "ample opportunity to spend, secrete, or otherwise protect their ill-gotten gains").  As the circumstances of this case have changed, and in light of Judge Seybert's previous ruling, the Court will make findings as to damages involving these particular Defendants.

Pursuant to the state law claims, Plaintiff JBWV seeks "liquidated damages" of $3.6 million, which constitutes the amount of its wire transfer to Salzman's escrow account as well as interest at the statutory rate of 9% annually, or $887.67 per diem, from March 19, 2008 until the date of the judgment.  *See* Caytas Cert. I ¶ 46.  As for Plaintiff Theiler, he seeks "liquidated damages" of $200,000 which constitutes his $1.2 million wire transfer minus the $1 million received back from Defendant Salzman plus interest at the annual statutory rate of 9%.  *Id.* ¶ 47.  Although Theiler was reimbursed $1 million on June 20, 2008, he now seeks interest at the statutory rate of 9% annually, or $295.89 per diem, on that $1 million from March 20, 2008 until

June 20, 2008 (92 days), plus 9% annual interest, or $49.32 per diem, on the remaining $200,000 from March 20, 2008 until judgment is entered. *Id.*

Plaintiffs have provided the Court with documents acknowledging JBWV's payment of $3.6 million on March 19, 2008 and Theiler's payment of $1.2 million on March 20, 2008. *See* Caytas Cert. I, Exs. N, O. Moreover, letters from Salzman confirming receipt of these funds were also provided to the Court. *See* Caytas Cert. I, Exs. P, Q. Although the documents acknowledging payment are not in English (Exs. N and O), the Court can nevertheless confirm, through the dates, names and dollar amounts, that on March 19, 2008, JBWV wired $3.6 million, on March 20, 2008, Theiler wired $1.2 million, and by March 21, 2008,[5] Salzman had received the funds. Further, Plaintiff Theiler has acknowledged the fact that $1 million was reimbursed to him on June 20, 2008. *See* Caytas Cert. I, Ex. R. Therefore, I respectfully recommend to Judge Seybert that JBWV be awarded $3.6 million while Theiler be awarded $200,000.

Plaintiff JBWV seeks interest on its $3.6 million at the statutory rate of 9% annually or $887.67 per diem starting from March 19, 2008 until judgment is entered. Although Plaintiffs move for partial default judgment as to their State Claims, this Court nevertheless has subject matter jurisdiction over the action under 28 U.S.C. § 1331 pursuant to the alleged violations of Defendants under RICO and other federal securities laws. *See* Sec. Am. Compl. ¶¶ 243-296. Therefore, in such circumstances, "[t]he decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion."

---

[5] The letter from Defendant Salzman appears to have been incorrectly dated March 21, 2007 instead of March 21, 2008. *See* Caytas Cert. I, Ex. P. The Court believes this to be the case, as the amount referenced in the letter is nearly identical to $3.6 million (difference of $205.35) and the letter is written to JBWV regarding the "Arrangement Fees." *Id.*

13

*Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.,* 67 F.3d 1063, 1071-72 (2d Cir. 1995) (internal quotations omitted). As Judge Seybert has previously elected to adopt the New York method of calculating interest in this action (*see* DE 240), this Court will follow suit. Under New York law, "[i]nterest shall be recovered upon a sum awarded . . . because of an act or omission depriving or otherwise interfering with title to, or possession or employment of, property." CPLR § 5001(a). Further, the interest "shall be computed from the earliest ascertainable date the cause of action existed." CPLR § 5001(b). Because Plaintiff JBWV made his investment on March 19, 2008, that date is the appropriate date to begin the calculation. New York has set the annual rate of interest at 9%. CPLR § 5004. Therefore, I respectfully recommend to Judge Seybert that interest be awarded to Plaintiff JBWV from March 19, 2008 until February 24, 2011 (1,072 days) at the per diem rate of $887.67, resulting in total prejudgment interest in the amount of $951,582.24, plus additional per diem interest of $887.67 for every day after February 24, 2011, until judgment is entered.

Likewise, I respectfully recommend to Judge Seybert that interest be awarded to Theiler on the $1 million from March 20, 2008 until the $1 million was reimbursed on June 20, 2008 (92 days) at the per diem rate of $295.89, resulting in $27,221.88. I also recommend that interest be awarded on the remaining $200,000 paid by Theiler and not reimbursed from March 20, 2008 until today February 24, 2011 (1,071 days) at the per diem rate of $49.32, resulting in $52,821.72 plus additional per diem interest of $49.32 for every day after February 24, 2011, until judgment is entered.

## V. CONCLUSION

For the reasons set forth above, I respectfully recommend to Judge Seybert that (1) partial default judgment is warranted and should be entered against Defendants Ambiente, Schmidt, Karakurt and Kocabus; and (2) damages be awarded against Defendants Ambiente, Schmidt, Karakurt and Kocabus jointly and severally as follows:

- For Plaintiff JBWV, (a) $3.6 million for liquidated damages; plus (b) $951.582.24 in interest up through February 24, 2011, and $887.67 for every day after February 24, 2011, until judgment is entered.

- For Plaintiff Theiler, (a) $200,000 for liquidated damages; plus (b) $80,043.60 in interest up through February 24, 2011 and $49.32 for every day after February 24, 2011, until judgment is entered.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Plaintiffs' counsel is directed to serve a copy of this Order upon Defendants forthwith by the most expeditious means of foreign service and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
       February 24, 2011

                                    /s/ A. Kathleen Tomlinson
                                    A. KATHLEEN TOMLINSON
                                    U.S. Magistrate Judge