UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHANNES BAUMGARTNER
WIRTSCHAFTS-UND
VERMÖGENSBERATUNG GMBH, and
HOLGER KNUT THEILER,

                     Plaintiffs,

      - against -

STANLEY P. SALZMAN, ESQ., STANLEY
P. SALZMAN, P.C., FRIESNER & SALZMAN,
LLP., MARILYN J. SALZMAN, POSTBANK
FINANZBERATUNG AG, BHW BAUSPARKASSE
AG, a/k/a/ DEUTSCHE POSTBANK AG.,
MICHAEL KAUBISCH, STEFAN KRÖNER,
PETER SCHMIDT, AMBIENTE GMBH,
BLACKSTONE CAPITAL TRADE AG, HARI
RANA, MORITZ JOHANNES WAGNER d/b/a/
C.B.O.D. SERVICEBURO GERMANY, CARTER,
BAILEY,OPPENHEIM & DRYFUS, INC., J.
GREENBAUM, JOHN RALSTON, KAREN
SLACUM a/k/a KAREN SLOCUMB, AGENTS
FOR DELAWARE CORPORATIONS. INC.,
FERNANDO FARIA SAMPAIO, SINO-IBERIAN
HOLDINGS LIMITED, IT'S INVESTMENT
TREUHAND & SERVICE GMBH, NORBERT
SCHRAMM, MEHMED KOCABAS, ALI KARLI,
LIDER INTERNATIONAL IMPORT &
EXPORT GMBH, MESUT CETIN, HUSEYIN
COBAN, AYKUT HASAN BÖLUKBASI, MURAT
ÖZKAN, FIFO TRUST LIMITED, FIFO TRUSTEES
LIMITED, MEYTEC CAPITAL HOLDINGS
LIMITED, MARTIN BRIAN TOBIAS-GIBBINS, A.
RASHID, JOHN M. PRESTON LIMITED, KAZAN
INVESTMENTS LIMITED, UNIVERSAL METAL
TRADING LIMITED, METIN HAKAN, SERKET
SAHN, HILMI URKMEZ, MUHSIN KARAKURT
a/k/a/ VELI, PHILIP SINCLAIR, LES HARRISON,

**REPORT AND
RECOMMENDATION**

CV 08-2582 (JS) (AKT)

MARTIN HALLEY, RENFREW SECURITY BANK
& TRUST (OFFSHORE) LTD., LONDON
FINANCIAL INVESTMENT GROUP LTD.,
and DEFENDANT DOES 1-50,

         Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I. PRELIMINARY STATEMENT**

Presently before the Court is Plaintiffs Johannes Baumgartner Wirtschafts-und Vermögensberatung GmbH ("JBWV") and Holger Knut Theiler's ("Theiler") motion for expedited inquest and issuance of final partial default judgment against Defendants Carter Bailey Oppenheim & Dryfus, Inc. ("CBOD"), J. Greenbaum ("Greenbaum"), John Ralston ("Ralston"), Karen Slacum a/k/a Karen Slocumb ("Slacum"), Agents for Delaware Corporations, Inc. ("ADCI"), Peter Schmidt ("Schmidt"), Ambiente GMBH ("Ambiente"), Mushin Karakurt ("Karakurt"), Mehmed Kocabus ("Kocabus"), Hüseyin Coban ("Coban"), Ali Karli ("Karli"), and Moritz Johannes Wagner d/b/a/ C.B.O.D. Serviceburo Germany ("Wagner"). *See* DE 189. Judge Seybert referred this motion to me for a Report and Recommendation to advise whether the pending motion should be granted, and to determine the appropriate amount of damages, costs, and fees, if any, to be awarded. *See* DE 194.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

The following background is specific to the defendants at issue in this motion, all of whom are in default. On August 14, 2009, this Court recommended to Judge Seybert that a default judgment be entered against Defendants CBOD, Greenbaum and Ralston but that the calculation of damages be deferred until the case is resolved as to the non-defaulting defendants.

*See* DE 57. On September 10, 2009, Judge Seybert adopted this Court's Report & Recommendation. *See* DE 60. Consistent with the previous Report & Recommendation, this Court made similar recommendations to Judge Seybert on August 24, 2010 regarding Defendants Slacum and ACDI. *See* DE 220. However, after considering an objection filed by Plaintiffs (*see* DE 220) regarding exigent circumstances of which this Court was unaware, Judge Seybert adopted in part and overruled in part the Report and Recommendation and entered a partial default judgment awarding liquidated damages and statutory interest. *See* DE 240. Although noting that the bulk of authority supported deferring any finding of damages until resolution of the claims against the non-defaulting defendants (*see* DE 240, at 3), Judge Seybert nevertheless found that courts have discretion to depart from the usual rule in the interests of justice. Judge Seybert concluded that "the risk of the defaulting Defendants squirreling away assets is high," and awarded Plaintiffs damages. *See id.* at 4-5; *see also Int'l Gemmological Inst. v. Rafaeil*, No. 05-CV-2395, 2005 WL 3880222, at *2-3 (finding that postponing a damages judgment would afford the defaulting defendants "ample opportunity to spend, secrete, or otherwise protect their ill-gotten gains"). Since a partial default judgment awarding damages has been entered against Defendants Slacum and ACDI, this motion should be DENIED AS MOOT with respect to these Defendants.

Subsequent to Judge Seybert's Memorandum and Order (DE 240), this Court has made recommendations as to both liability and damages for Plaintiffs' motions for partial default judgment. *See* DE 262-263. Therefore, with regard to Defendants Veli, Kocabas, Ambiente, Schmidt, Coban, Karli, and Wagner, the Court respectfully recommends to Judge Seybert that this motion also be DENIED AS MOOT since these issues with regard to these Defendants have

been resolved elsewhere. However, with respect to Defendants CBOD, Greenbaum and Ralston, the Court will make findings as to damages since partial default judgment was entered against these Defendants only as to liability. *See* DE 61.

### III. DAMAGES CALCULATION

A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)). Plaintiff, however, must still prove damages. *See Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Therefore, the only question remaining is whether a plaintiff has provided adequate support for the relief he or she seeks. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. The moving party need only prove "that the compensation sought relate to the damages that naturally flow from the injuries pleaded." *Id.* at 159. In addition, the moving party is entitled to all reasonable inferences from the evidence it offers. *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981).

In determining damages, Federal Rule 55(b)(2) gives courts discretion to determine whether an evidentiary hearing is necessary or whether detailed affidavits or documentary evidence are sufficient. *Action S.A. v. Marc Rich and Co., Inc.,* 951 F.2d 504, 508 (2d Cir. 1989). "The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, 'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" *LaBarbera v. Les Sub-Surface Plumbing, Inc.*, No. 06-CV-3343, 2008 WL 906695, at *3 (E.D.N.Y. Apr. 3, 2008) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir.1997)). The Plaintiffs previously

4

submitted to the Court their memorandum of law in support of the motion for partial default judgment with numerous exhibits annexed, including the escrow deposits of the Plaintiffs and confirmation of the same from Defendants. *See* DE 14 (Cert. of Ivo George Caytas and Mem. of Law in Supp. of Mot. for Partial Default Judgment ("Caytas Cert.")). In addition, Plaintiffs have submitted the declaration of Ivo George Caytas in support of their motion for expedited inquest and issuance of final partial default judgment ("Caytas Decl."). *See* DE 190. The Court finds that Plaintiffs' submissions provide sufficient evidence to form the basis for an award of damages without a further hearing.

Plaintiffs allege they only seek "the amount they invested plus interest from March 20, 2008." Caytas Decl. ¶ 15. Pursuant to the state law claims of fraud, conspiracy and gross negligence, Plaintiff JBWV seeks "liquidated damages" of $3.6 million, which constitutes the amount of its wire transfer to Salzman's escrow account as well as interest at the statutory rate of 9% annually, or $887.67 per diem, from March 19, 2008 until the date of the judgment. *See* Caytas Cert. ¶ 46; Caytas Decl. ¶ 15. As for Plaintiff Theiler, he seeks "liquidated damages" of $200,000 which constitutes his $1.2 million wire transfer minus the $1 million received back from Defendant Salzman, plus interest at the annual statutory rate of 9%. *See* Caytas Cert. ¶ 47; Caytas Decl. ¶ 15. Theiler was reimbursed $1 million on June 20, 2008, and he now seeks interest at the statutory rate of 9% annually, or $295.89 per diem, on that $1 million from March 20, 2008 until June 20, 2008 (92 days), plus 9% annual interest, or $49.32 per diem, on the remaining $200,000 from March 20, 2008 until judgment is entered. *See* Caytas Cert. ¶ 47; Caytas Decl. ¶ 15.

Plaintiffs have provided the Court with documents acknowledging JBWV's payment of

$3.6 million on March 19, 2008 and Theiler's payment of $1.2 million on March 20, 2008. *See* Caytas Cert. Exs. P, Q; Caytas Decl. Exs. B, C. Moreover, letters from Salzman confirming receipt of these funds were also provided to the Court. *See* Caytas Cert. Exs. R, S. Although the documents acknowledging payment are not in English (Exs. P and Q), the Court can nevertheless confirm, through the dates, names and dollar amounts, that on March 19, 2008, JBWV wired $3.6 million, on March 20, 2008, Theiler wired $1.2 million, and by March 21, 2008,[1] Salzman had received the funds. Further, Plaintiff Theiler has acknowledged the fact that $1 million was reimbursed to him on June 20, 2008. *See* Caytas Cert. Ex. S. Therefore, I respectfully recommend to Judge Seybert that JBWV be awarded $3.6 million while Theiler be awarded $200,000 based on their actual payments.

Plaintiff JBWV seeks interest on its $3.6 million at the statutory rate of 9% annually or $887.67 per diem starting from March 19, 2008 until judgment is entered. Although Plaintiffs move for partial default judgment as to their state claims, this Court nevertheless has subject matter jurisdiction over the action under 28 U.S.C. § 1331 pursuant to the alleged violations of Defendants under RICO and other federal securities laws. *See* Sec. Am. Compl. ¶¶ 243-296. Therefore, in such circumstances, "[t]he decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion." *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.,* 67 F.3d 1063, 1071-72 (2d Cir. 1995) (internal quotations omitted). As Judge Seybert has previously elected to adopt the New York

---

[1] The letter from Defendant Salzman appears to have been incorrectly dated March 21, 2007 instead of March 21, 2008. *See* Caytas Cert. Ex. R. The Court believes this to be the case, as the amount referenced in the letter is nearly identical to $3.6 million (difference of $205.35) and the letter is written to JBWV regarding the "Arrangement Fees." *Id.*

method of calculating interest in this action (*see* DE 240), this Court will follow suit. Under New York law, "[i]nterest shall be recovered upon a sum awarded . . . because of an act or omission depriving or otherwise interfering with title to, or possession or employment of, property." CPLR § 5001(a). Further, the interest "shall be computed from the earliest ascertainable date the cause of action existed." *Id.* § 5001(b). Because Plaintiff JBWV made his investment on March 19, 2008, that date is the appropriate date to begin the calculation. New York has set the annual rate of interest at 9%. *Id* § 5004. Therefore, I respectfully recommend to Judge Seybert that interest be awarded to Plaintiff JBWV from March 19, 2008 until February 24, 2011 (1,072 days) at the per diem rate of $887.67, resulting in total prejudgment interest in the amount of $951,582.24, plus additional per diem interest of $887.67 for every day after February 24, 2011, until judgment is entered.

Likewise, I respectfully recommend to Judge Seybert that interest be awarded to Theiler on the $1 million from March 20, 2008 until the $1 million was reimbursed on June 20, 2008 (92 days) at the per diem rate of $295.89, resulting in $27,221.88. I also recommend that interest be awarded on the remaining $200,000 paid by Theiler and not reimbursed from March 20, 2008 until February 24, 2011 (1,071 days) at the per diem rate of $49.32, resulting in $52,821.72, plus additional per diem interest of $49.32 for every day after February 24, 2011, until judgment is entered.

**V.  CONCLUSION**

For the reasons set forth above, I respectfully recommend to Judge Seybert that damages be awarded as follows:

- For Plaintiff JBWV, (a) $3.6 million for liquidated damages; plus (b) $951,582.24 in interest up through February 24, 2011, and $887.67 for every day after February 24, 2011, until judgment is entered.

- For Plaintiff Theiler, (a) $200,000 for liquidated damages; plus (b) $80,043.60 in interest up through February 24, 2011 and $49.32 for every day after February 24, 2011, until judgment is entered.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Plaintiffs' counsel is directed to serve a copy of this Order upon Defendants forthwith by the most expeditious means of foreign service and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
February 24, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge