```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JOHANNES BAUMGARTNER WIRTSCHAFTS
UND VERMOGENSBERATUNG GMBH, and
HOLGER KNUT THEILER,
                                        MEMORANDUM AND ORDER
                  Plaintiffs,           08-CV-2582 (JS)(AKT)

        -against-

STANLEY P. SALZMAN, ESQ., ET AL.,

                  Defendants.
----------------------------------x
APPEARANCES:
For Plaintiffs:     Ivo G. Caytas, Esq.
                    Caytas & Associates
                    146 West 57th Street, Suite 57d
                    New York, NY 10019

For Defendants:
Ayuk H. Bolukbasi   Ayuk H. Bolukbasi, pro se
                    Bagdat Cad. Nazli Apt. No:78 K:2 D:7
                    Kiziltoprak – Istanbul
                    Republic of Turkey

Murat Ozkan         Murat Ozkan, pro se
                    Hamam sok. 33/33
                    Goztepe – Istanbul
                    Republic of Turkey

Hakan Metin         Hakan Metin, pro se
                    Breslauer Strasse 15, 59423 Unna
                    Federal Republic of Germany

Other Defendants    No appearances.
```

SEYBERT, District Judge:

Pending before the Court are Plaintiffs' motions for partial default judgments and expedited inquest against twelve separate Defendants (collectively, "Defaulting Defendants").[1] See Docket Nos. 145, 149, 157, 173, 184, and 189. As to each Defaulting Defendant, Plaintiffs seek: (i) judgment on their state law claims of fraud, conspiracy, and gross negligence; and (ii) relief in the form of liquidated damages, plus pre-judgment interest. On February 24, 2011, Magistrate Judge A. Kathleen Tomlinson issued three Reports and Recommendations ("R&Rs"), addressing those motions. See Docket Nos. 262, 263, 264. Magistrate Judge Tomlinson recommended that partial default judgments be entered, except to the extent that one of the motions sought duplicative and/or moot relief. Additionally, Magistrate Judge Tomlinson recommended awarding specific damages. For the following reasons, Magistrate Judge

---

[1] For this Order's purposes, the Defaulting Defendants are Ambiente GMBH, Peter Schmidt, Muhsin Karakurt a/k/a Muhsin Veli, Mehmed Kocabas, Hüseyin Coban, Ali Karli, Moritz Johannas Wagner d/b/a C.B.O.D. Serviceburo Germany; Carter Bailey Oppenheim & Dryfus, Inc., J. Greenbaum, John Ralston, Karen Slacum a/k/a Karen Slocumb ("Ms. Slacum"), and Agents for Delaware Corporations, Inc. ("ADC"). For now, "Defaulting Defendants" does not include Defendants Aykut Hasan Boeluekbasi, Murat Ozkan and Hakan Metin. Plaintiffs have also moved for a default judgment against these Defendants. See Docket No. 247. That motion remains pending, and Messrs. Boeluekbasi, Ozkan, and Metin have opposed it, albeit in a somewhat cursory fashion. See Docket Nos. 255, 256, 257.

Tomlinson's R&Rs are ADOPTED IN THEIR ENTIRETY. Consequently, Plaintiffs' partial default judgment motions filed as Docket Nos. 145, 149, 157, 173, 184 are GRANTED. Plaintiffs' motion for partial default judgment and an expedited inquest (Docket No. 189) is GRANTED IN PART AND DENIED AS MOOT IN PART.

DISCUSSION

I. The R&Rs

Magistrate Judge Tomlinson recommended that: (i) the partial default judgment motions filed as Docket Nos. 145, 149, 157, 173, and 184 be granted; (ii) the partial default judgment and expedited inquest motion filed as Docket No. 189 be granted as to Defendants Carter Bailey Oppenheim & Dryfus, Inc., J. Greenbaum, and John Ralston, but denied as moot as to the other Defaulting Defendants, because this motion seeks the same relief that Docket Nos. 149, 157, 173, and 184 do, or relief that the Court already granted in Docket No. 240. Judge Tomlinson further recommended that Plaintiffs receive the following damages, to be assessed jointly and severally against each Defaulting Defendant, except Ms. Slacum and ADCI[2]:

1. For Plaintiff Johannes Baumgartner Wirtschafts-Lind Vermogensberati-ING GMBH: (a) liquidated damages in the amount of $3,600,000; plus (b) statutory interest at a 9% annual rate, amounting to $951,582.24 through

---

[2] A partial Default Judgment has already been issued against Ms. Slacum and ADCI, which, because it was issued at an earlier date, assesses less prejudgment interest. See Docket No. 240; Electronic Order dated September 30, 2010.

3

>February 24, 2011, plus an additional $887.67 per day through the date of judgment.

2. For Plaintiff Holger Knut Theiler for: (a) liquidated damages in the amount of $200,000; <u>plus</u> (b) statutory interest at a 9% annual rate, amounting to $80,043.60[3] through February 24, 2001, plus an additional $49.32 per day through the date of judgment.

No party has filed any objections to Magistrate Judge Tomlinson's R&Rs. And the Court finds them to be correct, comprehensive, well-reasoned and free of clear error. Consequently, the Court adopts them in their entirety. <u>See</u> <u>Urena v. New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (if no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record") (internal quotations omitted).

The Court does, however, wish to clarify one minor ambiguity that has resulted from the separate default judgment motions, R&Rs, and the Court's earlier partial default judgment award against Ms. Slacum and ADCI. Namely, each Defaulting Defendant is jointly and severally liable with every other Defaulting Defendant--even if the various default judgment motions and R&Rs place them in smaller groupings. Thus, for instance, although the Order entered as Docket No. 240 addressed

---

[3] Holger Knut Theiler was originally owed $1.2 million but, after 92 days, successfully received reimbursement of $1 million. Thus, Magistrate Judge Tomlinson's recommendations include 92 days of interest on $1.2 million instead of $200,000.

only Ms. Slacum and ADCI, these Defendants are now jointly and severally liable with every Defaulting Defendant, not just each other.

II. <u>Current Interest Calculations</u>

The R&Rs recommended awarding Plaintiff Johannes Baumgartner Wirtschafts-Lind Vermogensberati-ING GMBH prejudgment interest in the amount of $951,582.24 through February 24, 2011, plus an additional $887.67 per day through the date of judgment. Twenty-one days have passed since Magistrate Judge Tomlinson issued her R&Rs. Thus, this Plaintiff is entitled to an additional $18,641.07 in interest, for a total prejudgment interest award of $970,223.31.

The R&Rs recommended awarding Plaintiff Holger Knut Theiler prejudgment interest in the amount of $80,043.60 through February 24, 2001, plus an additional $49.32 per day through the date of judgment. Twenty-one days have passed since Magistrate Judge Tomlinson issued her R&Rs. Thus, Holger Knut Theiler is entitled to an additional $1,035.72 in interest, for a total prejudgment interest award of $81,079.32.

CONCLUSION

Magistrate Judge Tomlinson's R&Rs are ADOPTED IN THEIR ENTIRETY. <u>See</u> Docket Nos. 262, 263, 264. Plaintiffs' partial default judgment motions filed as Docket Nos. 145, 149, 157, 173, 184 are GRANTED. Plaintiffs' motion for partial default

judgment and an expedited inquest (Docket No. 189) is GRANTED IN PART AND DENIED AS MOOT IN PART. As a consequence of this Order:

1. A partial default judgment is entered in Plaintiffs' favor, and against Defendants Ambiente GMBH, Peter Schmidt, Muhsin Karakurt a/k/a Muhsin Veli, Mehmed Kocabas, Hüseyin Coban, Ali Karli, Moritz Johannas Wagner d/b/a C.B.O.D. Serviceburo Germany,[4] on the state law claims of fraud, conversion, unjust enrichment, conspiracy and gross negligence.

2. Defendants Ambiente GMBH, Peter Schmidt, Muhsin Karakurt a/k/a Muhsin Veli, Mehmed Kocabas, Hüseyin Coban, Ali Karli, Moritz Johannas Wagner d/b/a C.B.O.D. Serviceburo Germany; Carter Bailey Oppenheim & Dryfus, Inc., J. Greenbaum, and John Ralston are jointly and severally liable:

    a. To Plaintiff Johannes Baumgartner Wirtschafts-Lind Vermogensberati-ING GMBH for: (a) liquidated damages in the amount of $3,600,000; <u>plus</u> (b) prejudgment interest in the amount of $970,223.31;

    b. To Plaintiff Holger Knut Theiler for: (a) liquidated damages in the amount of $200,000; <u>plus</u> (b) prejudgment interest in the amount of $81,079.32.

3. The Clerk of the Court is directed to issue a judgment in Plaintiffs' favor on those amounts, against those Defendants.

4. Additionally, the Clerk of the Court is directed to amend the judgment entered by Electronic Order on September 30, 2010 against Ms. Slacum and ADCI. The Amended Judgment should reflect that Ms. Slacum and ADCI are jointly and severally liable with Ambiente GMBH, Peter Schmidt, Muhsin Karakurt a/k/a Muhsin Veli, Mehmed Kocabas, Hüseyin Coban, Ali Karli, Moritz Johannas Wagner d/b/a C.B.O.D. Serviceburo Germany;

---

[4] This Court previously ordered a default judgment against Defendants Carter Bailey Oppenheim & Dryfus, Inc., J. Greenbaum, and John Ralston on liability, but deferred calculation of damages. <u>See</u> Docket Nos. 60, 61.

6

Carter Bailey Oppenheim & Dryfus, Inc., J. Greenbaum, John Ralston, and not just each other.

5. Any assets that Plaintiffs recover from any Defendant shall be deposited in the Court's registry pending this case's resolution or further order of the Court. Plaintiffs are directed to consult with Magistrate Judge Tomlinson concerning the proper procedure for depositing said assets.

6. The Court shall retain jurisdiction of this matter for all purposes.

7. Plaintiffs are ORDERED to serve a copy of this Order upon each Defaulting Defendant.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   March 17, 2011
         Central Islip, New York